GARY M. RESTAINO
United States Attorney
District of Arizona
RYAN MCCARTHY
Arizona State Bar No. 029804
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: ryan.mccarthy@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Faustino Figueroa Jr.,<br>Defendant. | 21-CR-00935-PHX-MTL<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America submits this memorandum in support of sentencing in this case. The United States agrees with the presentence report that a sentence below the applicable guideline range is appropriate and recommends Defendant be sentenced to three months in the Bureau of Prisons followed by three years of supervised release and an $1,800 fine.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual and Procedural Background

In summer of 2019, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) initiated an investigation into Defendant after flagging a multiple sales report that detailed that Defendant's purchases of firearms. (PSR ¶ 6.) Under 18 U.S.C. § 923(g)(3)(A), gun dealers are required to report to ATF the sale within five consecutive business days of two or more handguns to the same individual. "These reports, called multiple sales reports, are often the starting point for investigations of illegal gun

trafficking." *Ctr. to Prevent Handgun Violence v. U.S. Dep't of Treasury*, 981 F. Supp. 20, 22 (D.D.C. 1997.) ATF agents discovered that Defendant had, in fact, purchased 12 firearms from August 17, 2017 to June 19, 2019. (PSR ¶ 6.) Defendant purchased the firearms at three Federal Firearm License (FFL) businesses in southern Arizona. Defendant purchased five handguns at Sportsman's Warehouse in Somerton, Arizona. (PSR ¶ 9.) Defendant also purchased five handguns at Jones & Jones in Somerton, Arizona. (PSR ¶ 9.) Defendant purchased two firearms at Sprague's in Yuma, Arizona (PSR ¶ 9.)

ATF agents obtained the Firearm Transaction Record, ATF Form 4473 for each of Defendant's firearm purchases. (PSR ¶ 6.) In each transaction, Defendant completed a Form 4473 certifying that he was the actual buyer of the firearm. (PSR ¶ 6.) On each form, Defendant also listed his correct address as being on North Villareal Avenue in San Luis, Arizona. (PSR ¶ 6.) ATF agents traveled to the residence on North Villareal Avenue and Defendant's father confirmed that Defendant did not live at that location, but in fact, was living in San Luis Rio Colorado, Mexico. (PSR ¶ 6.)

On July 11, 2019, Defendant met with ATF agents to discuss the firearm purchases. (PSR ¶ 8.) Defendant admitted that he had been living with his in-laws in Sonora, Mexico since February 2019. (PSR ¶ 8.) Defendant explained that in February 2018, he had been approached by a friend to purchase firearms for him. (PSR ¶ 8.) Defendant said that he purchased all the firearms during this time at the direction of this friend. (PSR ¶ 8.) Defendant admitted that his friend would identify the make and model of the firearm that he wanted him to purchase. (PSR ¶8.) After Defendant purchased the firearm he would met up with friend in San Luis where he would be compensated for the purchase amount of the firearm and $150 for buying the firearm. (PSR ¶ 8.)

ATF agents concluded Defendant had lied on the Form 4473 both by affirming that Defendant was the actual buyer of the firearm and by listing his current address as the residence on North Villareal Avenue. On November 9, 2021, Defendant was indicted with 12 counts of making a false statement during the purchase of a firearm. (PSR ¶ 1.) On

November 18, 2021, Defendant was ordered released on his own recognizance with release conditions under the supervision of U.S. Pretrial Services. (PSR ¶ 2.) On February 16, 2022, Defendant pled guilty to one count of false statement made during the purchase of a firearm. (PSR ¶ 3.)

## II. Sentencing Recommendation

The PSR correctly calculates Defendant's final guideline range as 12 to 18 months considering an offense level of 13 and criminal history category of I. (PSR pg. 13.) The Government agrees with the PSR recommendation that a variance is appropriate in this case. The Government, however, maintains a recommendation that includes an initial term of imprisonment of three months followed by three years of supervised release and a fine of $1,800.

The court is required to take into consideration the nature and circumstances of the offense and the need for adequate deterrence. 18 U.S.C. § 3553(a)(2)(A),(B). Defendant made a series of bad decisions to purchase firearms for an acquaintance for money. Although he could have been excused for naively buying one or two firearms, Defendant repeated his behavior by illegally purchasing 12 firearms. Given Defendant's purchases were made in border cities, it is not a stretch to imagine that Defendant's acquaintance would be reselling or sending the firearms into Mexico. The straw purchasing of firearms is a serious offense and can result in dire consequences. Straw purchasing of firearms threaten to "defeat society's attempts to keep firearms out of the hands of those who should not have them, leading to increased gun violence." *United States v. Scott*, 503 F. Supp. 2d 1097, 1102 (E.D. Wis. 2007). The flow of firearms from the United States into Mexico adds fuel to the drug cartel violence in Mexico. Additional firearms in the hands of the drug cartels endangers citizens and law enforcements on both sides of the border. In fact, one of the firearms purchased by Defendant was located in July 2021 among other weapons in a truck stopped by Mexican authorities in San Luis Rio Colorado. (PRS ¶ 10.) The handgun seized along with six additional firearms, 37 magazines, a grenade, and over 1,000

rounds of ammunition. (PSR ¶ 10.) There is a need for adequate deterrence for those who may decide to accept personal financial gain at the expense of the safety of the community.

The gravity of the offense, however, should be balanced with Defendant's role and intentions. Defendant was not the mastermind behind the trafficking of these firearms. Defendant, instead, naively agreed to purchase firearms for a friend in exchange for a small amount of money. Defendant did not choose the firearms to be purchased nor did he effectuate their movement to Mexico. It is also notable that Defendant was very cooperative during the investigation. Defendant readily admitted to ATF agents that he was responsible for purchasing the firearms and that he had lied on the Form 4473s. Defendant provided the name of the individual that had directed him to purchase the firearms. Defendant claimed he did not know that the firearms were going to be trafficked to Mexico. Defendant was apologetic about his actions and he has not made any similar mistakes since the time of his arrest.

The Government agrees with the presentence report investigation that Defendant's history and characteristics cut in his favor of a variance from the final guideline range. It is significant that Defendant has no criminal history of any kind. Defendant's behavior in this case appears to be an anomaly. Defendant has made admirable strides to become a productive member of society. Defendant has maintained employment and become a trusted employee at his place of business. Defendant has performed well on pretrial services having followed his release conditions without any violations. Defendant's actions appear to be consistent with his expressed his desire to maintain employment and help provide for his wife and young child.

**III. Conclusion**

The Government requests that the court balance the serious nature and circumstances of this offense with the admittedly positive history and characteristics of Defendant. For the above reasons, the Government recommends the court accept the plea agreement and grant a five-level variance resulting in an offense level of 8 which carries a 0-to-6-month guideline range. The Government recommends that Defendant be sentenced

to 90 days of imprisonment, followed by three years of supervised release, and a fine of $1,800 which represents the amount of money that Defendant made on trafficking the firearms.

Respectfully submitted this 17th day of May, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Ryan McCarthy*
Ryan McCarthy
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jared Eggers, Attorney for Defendant

*s/Ryan McCarthy*
U.S. Attorney's Office